CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY11530
(516) 357-3700
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

Proposed Counsel for Collavino Construction Company Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| COLLAVINO CONSTRUCTION COMPANY INC. | : Case No. 14- |
| | : |
| | : |
| Debtor. | : |
| | : |

-----------------------------------------------------------------x

### AFFIDAVIT OF RENZO COLLAVINO
### PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

COUNTY OF ESSEX       )
                                         ) ss:
PROVINCE OF ONTARIO   )

**RENZO COLLAVINO,** being duly sworn, deposes and says:

1.      I am the President of Collavino Construction Company Inc. (the "Debtor"), debtor and debtor-in-possession herein. In this capacity, I am familiar with the day-to-day operations and financial affairs of the Debtor.

2.      I submit this affidavit pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") filed on the date hereof (the "Petition Date"). Except as otherwise indicated, all facts set forth in this affidavit are based upon personal knowledge, my review of relevant documents, or my opinion based upon

experience, knowledge, and information concerning the Debtor's operations. If called upon to testify, I would testify competently to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of the Debtor.

3.    Local Rule 1007-2 requires certain information related to the Debtor, which is set forth below and in the schedules annexed hereto.  Unless otherwise indicated, the financial information contained herein is unaudited.

4.    Local Rule 1007-2(a)(1): The nature of the Debtor's business and the circumstances leading to the Debtor's filing this Chapter 11 case are as follows:

The Debtor is a Delaware corporation formed in 2007 as a wholly owned subsidiary of Canadian parent entity Collavino Construction Company Limited ("CCCL").  The Debtor is a member of the family-owned Collavino Group whose entities operate in various sectors of the construction industry in the New York-New Jersey metropolitan area, Canada, and the Detroit metropolitan area.  With over half a century's experience in the construction industry, the Collavino Group performs contracts in both the public and private sectors as a general contractor, design-build consultant, construction manager and prime subcontractor for cast-in-place and precast concrete works.

The Debtor was formed in connection for CCCL's successful bid to perform concrete work for The Port Authority of New York and New Jersey (the "Port Authority") on the public construction project known as the Reconstruction of One World Trade Center – Freedom Tower (the "WTC Project").

Pursuant to World Trade Center Contract No. WTC-1001.04-1 (the "Contract"), CCCL contracted with the Port Authority as the prime subcontractor for the 105-floor cast-in-place concrete superstructure.  Initially, CCCL was engaged to perform below grade concrete work for

the WTC Project. Thereafter the Port Authority also engaged CCCL to perform the above grade work for the superstructure at the WTC Project site. Following the award of the Contract to CCCL, the Debtor and CCCL entered into a subcontracting agreement (the "CCCI Subcontract") whereby the Debtor would provide all necessary labor to CCCL in connection with the performance of work on the WTC Project. In turn, the Debtor entered into contracts with approximately fifty (50) other trade vendors to supply materials and equipment and provide other construction services to CCCI on the WTC Project. The CCCI Subcontract provided for payment by CCCL to the Debtor on a "pay when paid" basis which is standard practice in subcontracting agreements. As a result of the "pay when paid" clause, the Debtor is only entitled to payment from CCCL under the CCCI Subcontract once CCCL has been paid by the public agency owner – here, the Port Authority.

As a result of, among other things, delays to the progress of work caused by conditions beyond the control of CCCL and the Debtor, and the Port Authority's unilateral election to terminate the Contract with CCCL for convenience, effective as of January 18, 2013, CCCL incurred a multi-million dollar damage claim against the Port Authority on the WTC Project (the "WTC Claim"). In that regard, on May 3, 2013, CCCL submitted the WTC Claim for equitable adjustment to the Port Authority pursuant to the dispute resolution procedure contained in the Contract. It has not yet received a response from the Port Authority.

The Debtor is owed certain sums from CCCL for its unpaid labor costs and related damages on the WTC Project. Those sums are included within the amounts that CCCL is seeking to recover from the Port Authority as part of the WTC Claim. It is the Debtor's intention to pay any valid claims asserted by any trade vendors against CCCI arising out of the WTC Project from the proceeds of the WTC Claim once CCCL's claims resolution process with the

3

Port Authority has been completed. Other than its specialized labor force, the outstanding receivable on the WTC Project is the Debtor's most significant asset.

Despite the fact that the Debtor had not received payment for much of the work it has performed on the WTC Project, the Debtor maintained a superb safety record on the WTC Project. As a result, the Debtor has achieved very favorable worker's compensation insurance rates from its insurance carrier which allow for more competitive bids for construction projects. In light of the quality of labor provided by the Debtor's employees and the Debtor's ability to offer more competitive pricing on the labor component of a bid, the Debtor has entered into subcontracts with related entity Collavino Corp. for the provision of labor on other construction projects. As of the Petition Date, the Debtor was providing labor to Collavino Corp. on three (3) open construction projects in the New York-New Jersey metropolitan area. The Debtor's primary revenue stream derives from the provision of labor to Collavino Corp. on construction projects. In addition to payments for labor provided by the Debtor under its subcontracts, Collavino Corp. provides administrative support to the Debtor in the form of payroll processing and management services, among other things.

The Debtor is currently the defendant in seven (7) lawsuits filed by various subcontractors and suppliers of the Debtor on the WTC Project asserting breach of contract claims for non-payment in the aggregate amount of approximately one million ($1,000,000.00) dollars. The plaintiffs in these vendor lawsuits have asserted claims for monies arising out of work performed or materials supplied on the WTC Project. The time and expense associated with defending these vendor lawsuits is hampering the Debtor's business operations.

Other than the lawsuits described above, the Debtor's liabilities are comprised primarily of trade debt due and owing to vendors that subcontracted with the Debtor or supplied materials

4

to the Debtor during the pendency of the WTC Project. The claims held by these trade vendors arising out of the WTC Project comprise the overwhelming majority of the Debtor's unsecured debt obligations.

As a result of the foregoing, on the Petition Date, the Debtor filed its chapter 11 bankruptcy case. The Debtor intends to continue operating and to file a plan of reorganization through which it will repay its obligations so that it may continue providing labor to its affiliated entities on future construction projects. The Debtor believes that based on the current valuation of its assets, there will be funds sufficient to make a distribution to unsecured creditors.

5.    Local Rule 1007-2(a)(2): Not applicable because the Debtor's case was not originally commenced under Chapter 7 or 13.

6.    Local Rule 1007-2(a)(3): Not applicable because no committee was organized prior to the Petition Date.

7.    Local Rule 1007-2(a)(4): Schedule 1 hereto lists the following information with respect to each of the holders of the Debtor's twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), telephone number, the name(s) of persons(s) familiar with the Debtor's accounts if known, the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed or partially secured.

8.    Local Rule 1007-2(a)(5): Schedule 2 hereto provides the following information with respect to each of the holders of the Debtor's five (5) largest secured claims: the creditor's name and address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the amount of the claim, a brief description of the

claim, an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.

9.      Local Rule 1007-2(a)(6): Schedule 3 hereto is a summary of the Debtor's assets and liabilities.

10.     Local Rule 1007-2(a)(7): Not applicable because none of the securities of the Debtor are publicly held.

11.      Local Rule 1007-2(a)(8): Not applicable because none of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent for any such entity, including the name, address, telephone number of each such entity and the court in which any proceeding related thereto is pending.

12.     Local Rule 1007-2(a)(9): Schedule 4 hereto provides a list of the premises owned, leased or held under other arrangement from which the Debtor operates its business.

13.     Local Rule 1007-2(a)(10): Schedule 5 hereto provides the location of the Debtor's substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States.

14.     Local Rule 1007-2(a)(11): Schedule 6 hereto provides the nature and present status of each action or proceeding, pending or threatened, against the Debtor or its property where a judgment against the Debtor or a seizure of its property is imminent.

15.     Local Rule 1007-2(a)(12): Schedule 7 hereto provides a list of the names of the individuals who comprise the Debtor's existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

16.     Local Rule 1007-2(b)(1): Schedule 8 hereto provides the estimated amount of

6

weekly payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the Petition Date.

17.    Local Rule 1007-2(b)(2):  Not applicable because the Debtor's officers, stockholders and directors receive compensation from related Collavino Group entities in the ordinary course of business.

18.    Local Rule 1007-2(b)(3):  Schedule 9 hereto provides a schedule of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing for the thirty (30) day period following the Petition Date.

COLLAVINO CONSTRUCTION COMPANY INC.

By: _____
    Renzo Collavino

Sworn to before me, this
/7th day of October, 2014

Notary Public

TAE WOO KIM
COMM. EXP.
NOTARY
PUBLIC
JANUARY 5, 2018
NEW JERSEY

## Schedule 1

**20 Largest Unsecured Claims (Excluding Insiders)**

**SEE ATTACHED**

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re    **Collavino Construction Company Inc.**

Debtor(s)

Case No.

Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Arrochar Fuel Corporation 810 3rd Avenue Brooklyn, NY 11220 | Arrochar Fuel Corporation 810 3rd Avenue Brooklyn, NY 11220 | Trade Debt | | 45,755.01 |
| DCM Erectors, Inc. 110 E. 42nd Street Suite 1704 New York, NY 10017 | DCM Erectors, Inc. 110 E. 42nd Street, Suite 1704 New York, NY 10017 | Trade Debt | | 616,900.00 |
| Eastern Concrete Materials 475 Market St. Suite 302 Elmwood Park, NJ 07407 | Eastern Concrete Materials 475 Market St., Suite 302 Elmwood Park, NJ 07407 | Trade Debt | | 712,003.12 |
| EdgeBuilder Inc. 295 The West Mall Suite 410 Etobicoke, ON M9C 4Z4 Canada | EdgeBuilder Inc. 295 The West Mall Suite 410 Etobicoke, ON M9C 4Z4 Canada | Trade Debt | Disputed | 65,269.00 |
| EFCO 1800 N.E. Broadway Des Moines, IA 50313 | EFCO 1800 N.E. Broadway Des Moines, IA 50313 | Trade Debt | Disputed | 362,649.26 |
| Engineered Devices Corporation 25 Bergen Tpke Ridgefield Park, NJ 07660 | Engineered Devices Corporation 25 Bergen Tpke Ridgefield Park, NJ 07660 | Trade Debt | Disputed | 346,236.20 |
| Envio, LLC 2350 Green Road Suite 160 Ann Arbor, MI 48105 | Envio, LLC 2350 Green Road, Suite 160 Ann Arbor, MI 48105 | Trade Debt | | 53,450.00 |
| Feldman Lumber 1281 Metropolitan Avenue Brooklyn, NY 11237 | Feldman Lumber 1281 Metropolitan Avenue Brooklyn, NY 11237 | Trade Debt | | 55,045.45 |
| Harris Rebar Atlantic Inc. 1700 Riverside Drive Bethlehem, PA 18015 | Harris Rebar Atlantic Inc. 1700 Riverside Drive Bethlehem, PA 18015 | Trade Debt | Disputed | 2,848,313.00 |
| Harris Rebar Atlantic Inc. 1700 Riverside Drive Bethlehem, PA 18015 | Harris Rebar Atlantic Inc. 1700 Riverside Drive Bethlehem, PA 18015 | Trade Debt | | 1,814,037.00 |

B4 (Official Form 4) (12/07) - Cont.

In re    **Collavino Construction Company Inc.**                                    Case No. _____

Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| Hertz Equipment Rental Corp. 4501 20th Avenue Astoria, NY 11105 | Hertz Equipment Rental Corp. 4501 20th Avenue Astoria, NY 11105 | Trade Debt | Disputed | 58,608.56 |
| Hilti, Inc. 5400 South 122nd East Avenue Tulsa, OK 74146 | Hilti, Inc. 5400 South 122nd East Avenue Tulsa, OK 74146 | Trade Debt | Disputed | 46,953.10 |
| Local 253 Northeast Regional Council of Carpenters 36 Bergen Street Hackensack, NJ 07601 | Peter Gowing Local 253 36 Bergen Street Hackensack, NJ 07601 201-457-9232 | Union Fringes | | 567,109.58 |
| Local 3 NJ Building Laborers Attn: Jose Colon 647 Marshall Street Elizabeth, NJ 07206 | Jose Colon Local 3 NJ Building Laborers 647 Marshall Street Elizabethport, NJ 07206 908-354-0910 | Union Fringes | | 338,557.17 |
| Local 825 Operating Engineers Attn: Cesar Gamio 65 Springfield Avenue, 3rd Fl. Springfield, NJ 07081 | Cesar Gamio Local 825 Operating Engineers 65 Springfield Avenue, 3rd Fl. Springfield, NJ 07081 973-671-6900 | Union Fringes | | 132,020.34 |
| Peckar & Abramson, P.C. 70 Grand Avenue River Edge, NJ 07661 | Peckar & Abramson, P.C. 70 Grand Avenue River Edge, NJ 07661 | Trade Debt | | 66,499.00 |
| Total Safety Consulting 751 Broadway Bayonne, NJ 07002 | Total Safety Consulting 751 Broadway Bayonne, NJ 07002 | Trade Debt | | 161,360.50 |
| Triboro Fastener & Supply Corp 120 Edward Hart Drive Jersey City, NJ 07305 | Triboro Fastener & Supply Corp 120 Edward Hart Drive Jersey City, NJ 07305 | Trade Debt | | 127,603.71 |
| United Rentals 104 Gardner Avenue Brooklyn, NY 11237 | United Rentals 104 Gardner Avenue Brooklyn, NY 11237 | Trade Debt | Disputed | 57,843.62 |
| Wizard Transport 19A Crows Mill Road Keasbey, NJ 08832 | Wizard Transport 19A Crows Mill Road Keasbey, NJ 08832 | Trade Debt | | 57,655.00 |

## Schedule 2

### 5 Largest Secured Claims

| Creditor | Amount of Claim | Description of Claim | Value of Collateral Securing Claim | Lien or Claim Disputed (Y/N) |
|---|---|---|---|---|
| Aviva Insurance Co. of Canada 2200 Eglinton Avenue East Scarborough, ON M1L 2N3 | Unliquidated | Obligations Under Master Surety Agreement | Unknown | N |

## Schedule 3

**Summary of Debtor's Assets and Liabilities**

       Pursuant to Local Bankruptcy Rule 1007-2(a)(6), the following unaudited financial information is the latest available information and reflects the Debtor's financial condition as of September 30, 2014.

<u>Total Assets</u>:        $7,477,925

<u>Total Liabilities</u>:     $6,585,149

## Schedule 4

**Premises Owned or Leased**

| Address of Property | Owned or Leased |
|---|---|
| 30 Montgomery Street, Suite 604 Jersey City, NJ 07302 | Leased |
| 155 Washington Street, #2413 Jersey City, NJ 07302 | Leased |

## Schedule 5

**Location of Debtor's Significant Assets, Books
and Records and Assets Outside of U.S.**

| Asset | Location | Value (if Outside U.S.) |
|---|---|---|
| Delay Damage Claim | The Port Authority of New York and New Jersey<br>225 Park Avenue South<br>New York, NY 10003 | |
| Books and Records | 30 Montgomery Street, Suite 604<br>Jersey City, NY 07302 | |
| Accounts Receivable | 5255 County Road 42<br>Windsor. ON N8N 2M1 | Approximately    $7.3MM (US) |

## Schedule 6

### Litigation

| Action or Proceeding | Nature of the Action | Status of the Action |
|---|---|---|
| Triboro Hardware v. Collavino Construction Company, Inc., et al. | Breach of Contract | Pending |
| Awisco Services v. Collavino Construction Company, Inc., et al. | Breach of Contract | Pending |
| Eastern Concrete v. Collavino Construction Company, Inc., et al. | Breach of Contract | Pending |
| Wizard Transport, Inc. v. Collavino Construction Company, Inc., et al. | Breach of Contract | Pending |
| Hilti, Inc. v. Collavino Construction Company, Inc., et al. | Breach of Contract | Pending |
| Jewel Electric, Inc. v. Collavino Construction Company, Inc., et al. | Breach of Contract | Pending |
| Robert Gerrish v. Collavino Construction Company, Inc., et al. | Tort | Pending |
| Anthony Rizzo v. Collavino Construction Company, Inc., et al. | Tort | Pending |
| In the matter of arbitration between; the New York District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Counsel of Carpenters Annuity Fund, New York City District Counsel of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters, Charity Fund, By Joseph Geiger and David T. Meberg as Co-Chairmen of the Board, of Trustees, The New York and Vicinity Counsel Carpenters Labor Management Corporation, and Joseph Geiger, as Executive Secratary Treasure of the District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America | Breach of Contract | Pending |

## Schedule 7

### Senior Management

| Name | Title | Tenure | Experience/Responsibilities |
|------|-------|--------|------------------------------|
| Renzo Collavino | President | 2007 - present | Renzo Collavino has been President of the Debtor since its inception.  He has over thirty (30) years' experience overseeing multi-million dollar construction projects. |

## Schedule 8

### Estimated Weekly Payroll

Pursuant to Local Rule 1007-2(b)(1), the estimated amount of gross weekly payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the Petition Date is approximately $500,000, including fringe benefits.

## Schedule 9

### Cash Receipts and Disbursements, Net Cash
### Gain or Loss, Unpaid Obligations and Receivables

Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the following provides the estimated aggregated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid (other than professional fees) for the 30-day period following the Petition Date.

| | |
|---|---|
| **Cash Receipts** | $3,021,466 |
| **Cash Disbursements** | $2,992,266 |
| **Net Cash Gain (Loss)** | $29,200 |
| **Unpaid Obligations (excluding professional fees)** | $657,900 |
| **Unpaid Receivables (excluding professional fees)** | $657,900 |