ARCHER & GREINER, P.C.
44 Wall Street, Suite 1285
New York, NY  10005
Tel:   212-292-4998
Fax:   212-461-2223
Stephen M. Packman, Esquire
David W. Carickhoff, Esquire (admitted *pro hac vice*)
Douglas G. Leney, Esquire (admitted *pro hac vice*)

*Attorneys for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| COLLAVINO CONSTRUCTION COMPANY INC., | Case No. 14-12908 (SCC) |
| Debtors. | |

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) MOTION OF DEBTOR FOR ORDER UNDER BANKRUPTCY RULE 2004 AUTHORIZING ORAL EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; AND (II) MOTION OF DEBTOR FOR ORDER UNDER BANKRUPTCY RULE 2004 AUTHORIZING ORAL EXAMINATION OF TISHMAN CONSTRUCTION COMPANY**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, hereby joins in the (i) Motion of Debtor for Order Under Bankruptcy Rule 2004 Authorizing Oral Examination of and Production of Documents By the Port Authority of New York and New Jersey (the "Port Authority Rule 2004 Motion") and (ii) Motion of Debtor for Order Under Bankruptcy Rule 2004 Authorizing Oral Examination of Tishman Construction Company (the "Tishman Rule 2004 Motion," and together with the Port Authority Rule 2004 Motion, collectively, the "Rule 2004 Motions") filed by the above captioned debtor, Collavino Construction Company Inc. (the "Debtor"), and in support thereof, respectfully states as follows:

## I.  RELEVANT FACTUAL BACKGROUND

1. On October 17, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 14-12908 (SCC) (the "Bankruptcy Case").  The Debtor has continued to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this Bankruptcy Case.

2. On November 21, 2014 (the "Committee Formation Date"), the Office of the United States Trustee for the Southern District of New York (the "UST") appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code.

3. On November 18, 2014, the Debtor filed the Tishman Rule 2004 Motion, seeking, *inter alia*, authority under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to conduct the oral examinations of three (3) designated individuals of Tishman in connection with the WTC Claim[1], the WTC Contract, and other issues relating to the pre-petition affairs of the Debtor, CCCL, Tishman, the Port Authority, and others.

4. On November 19, 2014, the Debtor filed the Port Authority Rule 2004 Motion, seeking, *inter alia*, authority under Rule 2004 to conduct the oral examinations of two (2) designated individuals of the Port Authority and to serve document requests upon the Port Authority, in connection with the WTC Claim, the WTC Contract, and other issues relating to the pre-petition affairs of the Debtor, CCCL, Tishman, the Port Authority, and others.

5. On December 1, 2014, the Port Authority and WTC Tower 1, LLC (collectively, the "Port Authority Parties") filed an objection to the Rule 2004 Motions (the "Port Authority

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Rule 2004 Motions.

2

Objection"), asserting, *inter alia*, that the Debtor had failed to demonstrate "good cause" for the discovery sought in the Rule 2004 Motions, and that the "pending proceeding" exception to Rule 2004 discovery should be invoked in light of the pendency of a claims review process regarding the WTC Claim.

6. Also on December 1, 2014, Tishman filed an objection to the Rule 2004 Motions (the "Tishman Objection"), joining in substance those arguments advanced by the Port Authority Parties in the Port Authority Objection.

7. On December 19, 2014, the Debtor filed an omnibus reply to the (i) Port Authority Objection and (ii) Tishman Objection and in further support of the Rule 2004 Motions (the "Reply"), asserting, *inter alia*:

(a) That the WTC Claim "includes both funds that are property of the Debtor's estate and the claims of the Debtor's vendors that constitute liabilities of the Debtor's estate," such that the discovery sought in the Rule 2004 Motions relate to property and liabilities of the Debtor which will affect the administration of the Debtor's estate and formulation of the Debtor's plan of reorganization;

(b) That privity of contract is not a prerequisite to a debtor's ability to seek Rule 2004 discovery from a third-party, and that the Port Authority has taken contradictory positions as to whether the Debtor in fact holds direct contractual rights against the Port Authority;

(c) That the "pending proceeding" exception to Rule 2004 discovery is not applicable in this case, where there exists no formal litigation or contested matter regarding the WTC Claim, but rather only a claims review process which has stalled for the better part of 18 months; and

    (d)    That the Debtor has demonstrated the requisite "good cause" under Rule 2004, and that a balancing of the competing interests militates in favor of granting the Debtor the discovery sought in the Rule 2004 Motions.

## II.  JOINDER TO RULE 2004 MOTIONS

8.    For the reasons more fully set forth in the Rule 2004 Motions, as well as in the Reply, the Committee joins in the Rule 2004 Motions and Reply, and respectfully requests that the Court grant the relief requested therein.

9.    In addition, to the extent that the Rule 2004 Motions are granted, in whole or in part, the Committee respectfully seeks the right to participate in the discovery requested therein, including, but not limited to, receiving copies of any and all documents produced to the Debtor, as well as participating in the oral examinations of the individuals designated therein.

10.    The Committee reserves the right to amend or supplement this Joinder, based upon any facts or arguments which may come to light prior to the hearing regarding same.

WHEREFORE, the Committee respectfully requests that this Court grant the relief requested in the Rule 2004 Motions and in this Joinder, and for such other relief as may be just and equitable under the circumstances.

Dated:  December 23, 2014

    /s/  *Stephen M. Packman*
Stephen M. Packman, Esquire
David W. Carickhoff, Esquire (admitted *pro hac vice*)
Douglas G. Leney, Esquire (admitted *pro hac vice*)
ARCHER & GREINER
A Professional Corporation
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA  19103-7393
Tel:     215-963-3300
Fax:    215-963-9999

-and-

44 Wall Street, Suite 1285  
New York, NY  10005  
Tel:     212-292-4998  
Fax:    212-461-2223  
E-mail: spackman@archerlaw.com  
            dcarickhoff@archerlaw.com  
            dleney@archerlaw.com  
*Attorneys for the Official Committee of Unsecured Creditors*

11951922v1