Hearing Date and Time: February 18, 2015 at 2:00 p.m.
Objection Date and Time: February 11, 2015 at 4:00 p.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

Counsel for Collavino Construction Company Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
COLLAVINO CONSTRUCTION COMPANY INC.           :   Case No. 14-12908 (SCC)
                                              :
                                              :
         Debtor.                              :
                                              :
---------------------------------------------------------------x

**NOTICE OF MOTION FOR AN ORDER EXTENDING THE EXCLUSIVE
PERIODS DURING WHICH ONLY THE DEBTOR MAY FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

**PLEASE TAKE NOTICE** that on February 18, 2015 at 2:00 p.m. Collavino Construction Company Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, will move (the "Motion") before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, Courtroom 623, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel can be heard, for entry of an Order, pursuant to section 1121(d) of the Bankruptcy Code, extending by ninety (90) days the exclusive periods during which only the Debtor may file a chapter 11 plan and solicit acceptances thereof.

**PLEASE TAKE FURTHER NOTICE**, that a copy of the Motion is available for inspection during normal business hours at the office of the Clerk of the United States

Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, New York 10004, or may be obtained by contacting the undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to the Motion and the proposed order must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) counsel to the Debtor, Cullen and Dykman LLP, Attn:  C. Nathan Dee, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Andy Velez-Rivera, Esq.; and (iii) all parties who have filed a notice of appearance and request for service of documents, so as to be actually received by no later than 4:00 p.m. (prevailing Eastern Time) on February 11, 2015 (the "Objection Deadline").

Dated: Garden City, New York
         January 30, 2015

                CULLEN AND DYKMAN LLP

                By: *s/  C. Nathan Dee*
                C. Nathan Dee, Esq.
                Elizabeth M. Aboulafia, Esq.
                100 Quentin Roosevelt Boulevard
                Garden City, NY  11530
                (516) 357-3700

                Counsel for the Debtor

Hearing Date and Time: February 18, 2015 at 2:00 p.m.
Objection Date and Time: February 11, 2015 at 4:00 p.m.

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

Counsel for Collavino Construction Company Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
COLLAVINO CONSTRUCTION COMPANY INC.                            :   Case No. 14-12908 (SCC)
                                                               :
                                                               :
                    Debtor.                                    :
                                                               :
---------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER EXTENDING THE EXCLUSIVE
PERIODS DURING WHICH ONLY THE DEBTOR MAY FILE A
<u>CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF</u>**

Collavino Construction Company Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its attorneys Cullen and Dykman LLP, hereby submits this motion (the "Motion") pursuant to section 1121(d) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") seeking entry of an order, substantially in the form attached hereto as <u>Exhibit "A"</u>, extending by ninety (90) days the exclusive period during which only the Debtor may file a chapter 11 plan and solicit acceptances thereof. Specifically, the Debtor seeks to (a) extend the exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") for the Debtor through and including May 15, 2015 and (b)

extend the exclusive period to solicit acceptances of a chapter 11 plan for the Debtor (the "Exclusive Solicitation Period", and together with the Exclusive Filing Period, the "Exclusive Periods") through and including July 14, 2015.  In support of the Motion, the Debtor respectfully represents as follows:

**Introduction**

1. On October 17, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No request for the appointment of a trustee or examiner has been made in this chapter 11 case.  On November 21, 2014, the Office of the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "Committee") in this chapter 11 case.

4. Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Renzo Collavino pursuant to Local Rule 1007-2 (the "Collavino Affidavit") (Docket No. 2).  A detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Collavino Affidavit and incorporated herein by reference.

**Background**

5. As set forth below, the Debtor has made significant progress in its chapter 11 case thus far.  However, there is still a substantial amount of work which must be done before the Debtor is in a position to propose a chapter 11 plan in a form which would enable the Debtor to

2

reorganize successfully. During the first approximately 100 days of its chapter 11 case, the Debtor has, among other things:

   a. Obtained final Court approval of the emergency relief requested in the first day motions filed with the Court;

   b. Prepared and filed with the Court the Debtor's schedules and statements of financial affairs;

   c. Obtained entry of an Order establishing January 12, 2015 as the deadline to file proofs of claim;

   d. Commenced an adversary proceeding against certain parties in a New Jersey state court action in which the Debtor is named a defendant, including Tishman Construction Company ("Tishman") and The Port Authority of New York and New Jersey (the "Port Authority"), regarding the enforcement of the automatic stay in such action;

   e. Resolved all counts of the above-referenced adversary proceeding other than the count seeking civil contempt and sanctions as against the Port Authority based on its willful violation of the automatic stay in the state court action which was pending against the Debtor on the Petition Date;

   f. Filed requests for examination of Tishman and the Port Authority under Bankruptcy Rule 2004 (the "Rule 2004 Examinations") seeking discovery of certain information relating to the Debtor's claim for amounts owed for work performed on the project known as the Reconstruction of One World Trade Center – Freedom Tower (the "WTC Project") in order to analyze the source of funding for the Debtor's plan and obtained approval of same following a contested hearing on fully briefed legal issues;

   g. Engaged in multiple conferences with the Port Authority regarding the status of the Bankruptcy Rule 2004 document discovery; and

   h. Responded in good faith to the Committee's informal due diligence requests.

6. Despite the significant progress in its chapter 11 case described above, the Debtor requires an extension of its Exclusive Periods primarily to enable it to complete the Rule 2004 Examinations of Tishman and the Port Authority that were authorized by this Court on December 29, 2014, the purpose of which is to enable the Debtor to obtain certain information needed to allow the Debtor to propose a feasible chapter 11 plan of reorganization.

3

7.      The Debtor issued subpoenas to the Port Authority and Tishman promptly following the hearing on the motions for Rule 2004 Examinations and, as set forth above, has participated in multiple conferences with the Port Authority regarding the status of discovery. While the Debtor has made substantial progress in moving these matters forward expediently, the Port Authority failed to produce documents on or before the January 28, 2015 deadline set forth in the document subpoena served pursuant to Bankruptcy Rule 2004.[1]  In light of the Port Authority's failure to timely produce the requested discovery, the depositions of Port Authority and Tishman representatives that are currently scheduled for February 3, 2015 and February 4, 2015 will be adjourned until a date after the Debtor has received document discovery from the Port Authority.  The adjournment of the depositions is reasonable given the Debtor's inability to conduct an efficient deposition of the Port Authority or Tishman absent the Port Authority's production of the requested information.  Accordingly, the Debtor requires more time to allow it to conduct the Rule 2004 Examinations and analyze the information produced by the Port Authority regarding the source of funding for the Debtor's plan.  Thereafter, the Debtor will be in a position to negotiate, document, file, solicit votes on, and ultimately gain confirmation of a plan of reorganization.

### Jurisdiction

8.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-2.

---

[1] The Debtor reserves all of its rights and remedies regarding the Port Authority's failure to timely produce the documents and other information sought in the Debtor's subpoena.

4

**Relief Requested**

9. By this Motion, the Debtor seeks entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, extending (a) the Exclusive Filing Period by ninety (90) days through and including May 15, 2015 and (b) the Exclusive Solicitation Period by ninety (90) days through and including July 14, 2015, in each case without prejudice to the Debtor's right to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

**Basis for Relief Requested**

**A.    Legal Standard for Extending the Exclusive Periods**

10. Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days. Currently, the Debtor's Exclusive Filing Period will expire on February 16, 2015[2] and the Exclusive Solicitation Period will expire on April 15, 2015.

11. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period to file a chapter 11 plan and solicit acceptances thereof upon a demonstration of "cause". Specifically, section 1121(d)(1) of the Bankruptcy Code provides as follows:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

---

[2] Pursuant to section 1121(c)(2) and (3) of the Bankruptcy Code, the Exclusive Filing Period and Exclusive Solicitation Period are currently set to expire on February 14, 2015 and April 15, 2015, respectively. As February 14, 2015 is a Saturday, Bankruptcy Rule 9006(a)(1)(C) extends the deadline through the next day that is not a weekend or legal holiday. Moreover, although hearing on this Motion is not scheduled until February 18, 2015, the Debtor submits that by operation of Local Rule 9006-2, the Exclusive Filing Period is automatically extended pending resolution of this Motion.

5

12. Although the Bankruptcy Code does not define "cause," the legislative history indicates that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595 at 231, 232 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191. This flexibility is intended to give a debtor an adequate opportunity to stabilize its business operations at the outset of the case and to then negotiate a plan with its creditors. *See In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors."). Moreover, whether to grant a request to extend the exclusive period is generally determined by the facts and circumstances of each particular case.

13. Courts consider the following factors in deciding whether "cause" exists to extend a debtor's exclusive periods:

> (a) the size and complexity of the case;
> (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
> (c) the existence of good faith progress toward reorganization;
> (d) the fact that the debtor is paying its bills as they become due;
> (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
> (f) whether the debtor has made progress in negotiations with its creditors;
> (g) the amount of time which has elapsed in the case;
> (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
> (i) whether an unresolved contingency exists.

*See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (listing factors); *In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (same); *In re Lionel L.L.C.*, 2007 WL 2261539 at *6 (Bankr. S.D.N.Y. Aug. 3, 2007) (same).

14. Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. *See In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (four factors relevant in determining whether cause exists to extend exclusivity); *In re Interco, Inc.*, 137 B.R. 999, 1001 (Bankr. E.D. Mo.

6

1992) (four factors showed that bondholders' committee failed to show cause to terminate debtors' exclusivity).

### B.     Cause Exists to Extend the Exclusive Periods

15.     As discussed in detail below, the facts and circumstances of this chapter 11 case satisfy the foregoing factors and demonstrate that more than sufficient cause exists to grant the Debtor's requested extension of the Exclusive Periods.

####       i.     *The Months That Have Elapsed Since the Petition Date Have Afforded the Debtor Insufficient Time to Negotiate a Chapter 11 Plan and Prepare Adequate Information*

16.     The fact that the Petition Date occurred only approximately one hundred (100) days ago, which includes the intervening holidays, further weighs in favor of extending the Exclusive Periods.  As this Court is aware, during the early stages of this chapter 11 case, the Debtor and its attorneys have been primarily focused on enforcing the protections of the automatic stay against the Port Authority in a state court action that was pending against the Debtor on the Petition Date and seeking certain discovery from the Port Authority and Tishman pursuant to the Rule 2004 Examinations.  As set forth further herein, the information the Debtor has requested from the Port Authority is critical to the Debtor's ability to propose a feasible plan of reorganization. Given the unanticipated need to bring an adversary proceeding during the initial weeks of this chapter 11 case to confirm the application of the automatic stay and/or enjoin the continuation of certain state court proceedings, and the resulting delay in the Debtor's ability to accomplish its other goals for the early stages of this chapter 11 case – namely, the request for Bankruptcy Rule 2004 discovery from the Port Authority and Tishman – the Debtor has not yet had an opportunity to focus its efforts on negotiating the terms of a chapter 11 plan of reorganization or preparing adequate information in connection with solicitation of such a plan.

7

### *ii.    The Debtor is Progressing in Good Faith Towards Reorganization*

17.    Exclusivity provides a debtor with a full and fair opportunity to rehabilitate its business and negotiate, develop, propose and, ultimately, confirm and consummate a chapter 11 plan.  The Debtor believes that it has made significant progress in good faith towards achieving this goal.  The information sought by the Debtor in connection with the Rule 2004 Examinations relates to its primary asset and substantially all of its general unsecured liabilities – primarily, the amounts due and owing from the Port Authority for work performed on the WTC Project.  Accordingly, the Debtor is in the process of obtaining the information that it needs to propose a feasible plan and administer its estate for the ultimate benefit of its creditors.

### *iii.    The Debtor is Paying its Bills as They Become Due*

18.    In the ordinary course of business, the Debtor has been paying its post-petition bills as they become due and complying on a timely basis with all other post-petition obligations of a debtor-in-possession. The Debtor's employees are continuing to provide labor on ongoing construction projects and the Debtor has remained current on its obligations in that regard.  The requested extension of the Exclusive Periods will not jeopardize the rights of creditors and other parties who do business with the Debtor during these chapter 11 cases.

### *iv.    The Debtor Has Demonstrated Reasonable Prospects for Filing a Viable Plan*

19.    During the pendency of its bankruptcy case, the Debtor has continued to perform its obligations on three separate construction projects in the New Jersey area.   The Debtor intends to use the bankruptcy process to reorganize its affairs based upon the collection of the Debtor's primary asset, a $6.2 million receivable due and owing for work performed by the Debtor on the WTC Project, which will be used to fund a viable plan of reorganization that provides for the Debtor's continued operation of its business and a distribution to its creditors.

8

Through the Rule 2004 Examinations, the Debtor intends to determine whether it has properly valued this asset and to assess the collectability of amounts owed to its trade creditors. After this process is complete, the Debtor believes that it will be in a position to put forth a feasible and confirmable plan.

20.     The Debtor should be granted sufficient time to work constructively to formulate and propose a viable plan of reorganization and solicit acceptances thereto. Moreover, the Debtor is confident that it has the financial, management and advisory resources to develop, negotiate and prosecute a viable chapter 11 plan and is committed to working with its key creditors in order to ensure broad support.

### v.     *The Debtor Is Not Seeking an Extension to Pressure Creditors*

21.     The Debtor's request to extend the Exclusive Periods is not intended to maintain leverage over a group of creditors whose interests are being harmed by the chapter 11 case. Rather, the Debtor is seeking an extension so that it may obtain additional information from the Port Authority and Tishman regarding its primary asset and substantially all of its scheduled liabilities in order to maximize the potential return to creditors under a plan.

### vi.     *More Time Is Required to Resolve Certain Contingencies*

22.     A meaningful chapter 11 plan must consider the nature and extent of all claims asserted against the Debtor. It is therefore unlikely that a confirmable chapter 11 plan could be proposed in this case until the Debtor has had an opportunity to evaluate the full nature, validity and extent of the claims filed pursuant to the bar date deadline of January 12, 2015, including sufficient time to analyze and object to, if appropriate, the approximately $83 million claim filed by the Port Authority and the approximately $38 million claim filed by Aviva Insurance Company, a bonding company. Moreover, as stated above, the Debtor requires more time to

9

complete the Rule 2004 Examinations to obtain a better understanding of the value of its primary asset and the unsecured liabilities asserted against it, as well as to determine whether it holds any potential causes of action against the Port Authority.

23. Ultimately, allowing the Debtor to remain in control of the chapter 11 plan process will save time and money and likely lead to the filing of a reorganization plan that has the best possible chance of success for the reorganization of the Debtor's estate. For all of these reasons, it would be premature for the Debtor – or any other party in interest – to propose a plan of reorganization at this time. Consequently, the final factor that courts have articulated in determining to extend exclusivity provides strong support for the Debtor's proposed extension of the Exclusive Periods.

### Notice

24. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Eastern District of New York; (b) the creditors holding the 20 largest unsecured claims against the Debtor's estate or their counsel, if known; and (c) all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that further notice of this Motion is neither required nor necessary.

### No Prior Request

25. No prior motion for the relief requested herein has been made to this or any other Court.

10

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit "A"</u>, extending the Exclusive Periods; and (b) grant the Debtor such other and further relief as is just and proper.

Dated: Garden City, New York
January 30, 2015

                                                    CULLEN AND DYKMAN LLP

                                                    By: <u>s/  C. Nathan Dee</u>
                                                    Matthew G. Roseman, Esq.
                                                    C. Nathan Dee, Esq.
                                                    Elizabeth M. Aboulafia, Esq.
                                                    100 Quentin Roosevelt Boulevard
                                                    Garden City, NY  11530
                                                    (516) 357-3700

                                                    Counsel for the Debtor

# EXHIBIT "A"

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
                                                     :
In re:                                           :   Chapter 11
                                                     :
COLLAVINO CONSTRUCTION COMPANY INC.  :   Case No. 14-12908 (SCC)
                                                     :
                                                     :
                    Debtor.                         :
                                                     :
------------------------------------------------------------------------- x

**ORDER EXTENDING THE EXCLUSIVE PERIODS
DURING WHICH ONLY THE DEBTOR MAY FILE A
<u>CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF</u>**

      Upon the motion (the "Motion") of Collavino Construction Company Inc., the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order pursuant to section 1121(d) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") extending by ninety (90) days (a) the exclusive period during which only the Debtor may file a plan (the "Exclusive Filing Period") through and including May 15, 2015, and (b) the exclusive period to solicit acceptances of a chapter 11 plan for the Debtor (the "Exclusive Solicitation Period", and together with the Exclusive Filing Period, the "Exclusive Periods") through and including July 14, 2015; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best

1

2

interests of the Debtor, its estate, its creditors and other parties in interest; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period is hereby extended through and including May 15, 2015, and the Exclusive Solicitation Period is hereby extended through and including July 14, 2015.

3. This Order is without prejudice to the Debtor's ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

4. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.


Dated: February ___, 2015
        New York, New York                    _____
                                              THE HONORABLE SHELLEY C. CHAPMAN
                                              UNITED STATES BANKRUPTCY JUDGE